UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| **JENNIFER MORA**, *on behalf of herself and a proposed class of all similarly-situated persons* <br><br> Plaintiff <br><br> *v.* <br><br> **VISIONWORKS OF AMERICA, INC.** <br><br> Defendant | Civil Action No. _____ <br><br> **CLASS ACTION COMPLAINT** <br> **WITH JURY DEMAND** |

### PREAMBLE

Plaintiff Jennifer Mora brings this Class Action Complaint against Defendant Visionworks of America, Inc. ("Visionworks"), on behalf of herself and on behalf of a class of all other similarly-situated consumers in the state of Florida.

### NATURE OF THE ACTION

1. This proposed class action challenges Defendant Visionworks' repeated and continuous use of "Buy One, Get One Free" (BOGO-Free) marketing, advertising, and sales offers for eyeglasses in its retail stores. Plaintiff Jennifer Mora brings this action on behalf of all Florida consumers who purchased eyeglasses from Visionworks pursuant to a BOGO-Free offer.

2. The Florida Legislature enacted the Florida Deceptive and Unfair Trade Practice Act, Fla. Stat. Chapter 501, Part II (the "Act"), in order to "protect the consuming public and legitimate business enterprise from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." To that end, "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are [ ] declared unlawful." And any person who suffered a loss as a result of a violation of the Act may recover actual damages plus attorney's fees and court costs.

1

3. The Legislature also intended that the Act would make the state's consumer protection and enforcement "consistent with established policies of federal law relating to consumer protection." To that end, the Act requires that, when determining whether a practice is unfair or deceptive, "due consideration and great weight shall be given to the interpretation of the Federal Trade Commission [FTC] and the federal courts relating to § 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)."

4. Relevant to this case, the FTC prohibits a retailer from using the word "free" in its offers for more than six months during any 12-month period. *See* 16 C.F.R. 251.1(h). Moreover, the FTC has ruled that a retailer's increasing the ordinary and usual price of the article of merchandize required to be purchased in order for a consumer to obtain the "free" article is an unfair and deceptive. *See* 50 F.T.C. 225.

5. Visionworks used of the word *free* in its BOGO-Free offers for more than six months during the 12-month periods at issue. Moreover, Visionworks increased the ordinary and usual price for the first pair of eyeglasses that consumers had to purchase in order to obtain the second pair of eyeglasses for "free." To wit, Visionworks' near-constant and perpetual use of the word free—month-after-month for the vast majority of the year—increased the ordinary and usual price for a single pair of eyeglasses, such that the second pair was not truly free, and the consumer paid more than the regular price for a single pair of eyeglasses. Indeed, Visionworks priced single pairs of eyeglasses at 40% less than the BOGO-Free price.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy exceed $5 million (exclusive of interest and costs), and this is a class action in which the plaintiff and class members (who are citizens of Florida) are diverse from the defendant (which is a citizen of Texas).

7. This Court has personal jurisdiction over the defendant because it conducts substantial business in the state of Florida.

8. This Court is a proper venue for this action under 28 U.S.C. § 1391 because the defendant does business in this district and a substantial part of the acts or omissions giving rise to the Named Plaintiff's claims—namely, the solicitation and consummation of the BOGO-Free offer—occurred in this judicial district.

## PARTIES

9. Plaintiff and class representative, Jennifer Mora, is a resident of Bradenton in Manatee County and a citizen of Florida. Ms. Mora carries power-of-attorney for her husband, Carl Mora.

10. Defendant Visionworks of America, Inc. is a Texas corporation with a San Antonio headquarters. Visionworks is one of the largest retailers of eyeglasses in the country, with dozens of retail stores in Florida, including at a strip mall/plaza in Bradenton, where the transaction giving rise to Ms. Mora's claims occurred.

## FACTUAL ALLEGATIONS

### *The Moras' BOGO-Free Transactions*

11. In May 2015, Visionworks marketed its BOGO-Free offer on television, online, in print, and on signage. One medium of Visionworks BOGO-Free campaign was an insert in the *Bradenton Herald* newspaper. Ms. Mora received the insert and removed the BOGO-Free portion. The various BOGO-Free offers Visionworks promulgated were substantially similar (an exemplar is re-produced here).



12. On May 21, 2015, Ms. Mora and her husband visited the Visionworks Store #380 in Bradenton, where the BOGO-Free offer was confirmed. On that day, the Moras consummated a BOGO-Free sale for $628.44.

13. The $628.44 price for a single pair of eyeglasses was not Visionworks's ordinary and usual

3

price. Rather, the ordinary and usual price for such a single pair of eyeglasses was approximately 40% less than the price the Moras paid. Thus, the "free" second pair was not really free. Instead, Visionworks—by using the word *free* continuously and repeatedly—had inflated the price of the first pair of eyeglasses well beyond its true price. Thus, the Moras overpaid for a single pair of eyeglasses by $251.38. To put this another way, the pair of eyeglasses the Moras purchased were worth $251.38 less than what she paid. In the alternative, the value of the second pair of eyeglasses which the Moras should have—but did not—receive for free upon paying full price for the first pair of eyeglasses is approximately $251.38. To put this another way, the Moras paid $251.38 for a second pair of eyeglasses that were supposed to be priced for $0.

14. Ms. Mora made a second BOGO-Free purchase on June 2, 2015 for $669.93. As with her first purchase, this price was inflated by $267.97.

15. The Moras were actually deceived by Visionworks's use of the word *free*. They only discovered the deception after the transaction was consummated.

16. At the time of the transactions, other eyeglasses of similar quality were available from other retailers.

*Visionworks' Uniform Wrongful Conduct*

17. Visionworks—a national eyeglasses retailer with a $50 million annual marketing budget—has studied what advertising is effective. And, according to former Vice President of Marketing Emily White-Keating, the company has concluded that the use of the word *free* is "a message that matters to consumers ... helping to drive sales" and which has had a positive effect on securing sales. During the relevant time period, Ms. White-Keating was "responsible for the strategy and planning and execution of all marketing and advertising for Visionworks" nationwide.

18. Visionworks aggressively uses the word *free* in its marketing on television, online, in direct mailings, in emails, and on signage at retail locations. These extensive sales efforts are corporately-designed and uniformly-executed, with no variation from one store or state to another. Sales clerks are given consistent, mandatory, and comprehensive directives, training, and scripting on how to use the word *free* in making the buy-one-get-one-free sales:

**SOP 4.46: UNLIMITED BOGO DISCOUNT RULES**

**Introduction**

Multiple pair promotions offer the greatest value per pair for our customers. In most cases the POS will automatically calculate the correct price for both pairs and apply the applicable promotional rule. In those instances where the POS is unable to apply the correct business rule it is the Associate's responsibility to adhere to promotional business rules per company guidelines.

**Buy One, Get One Free**

Unlimited Buy One Get One Free promotions automatically follow business rules when sold to the same customer. The business rules are as follows:

*Taken from* N.D. Ohio Case. No. 1:15-cv-02306, Doc. 40-7.

**ACT NOW** — New Market BOGO, 40% off Complete Pair, $19 Eye Exam Coup

**INITIATIVE/SUBJECT**

ACTION STEPS & TIMELINES (TASK AND TIME-SPECIFIC ACTIONS REQUIRED, CHECKLIST)

| Date/Time | Who | Vehicle / Notes | Notes / Complete |
|---|---|---|---|
| 05/09 | GM | Store receives Act Now communication | |
| 05/17 | GM → Associates | Store training huddle to cover all rules of promotion | |
| 5/18 | Store | Offer is valid beginning today | |

RELEVANT FAQs (POTENTIAL QUESTIONS AND ANSWERS)

| QUESTION | ANSWER |
|---|---|
| BOGO/40% OFF: Can these promotions be combined with my Managed Vision Care Benefit? | No, CANNOT be combined with MVC. |
| 40%OFF Single Pair: Will I receive 40% OFF Signage? | No, 40% OFF is un advertised and you will not receive signage. |
| Will I receive new Signage? | Stores that have opened since the last $19 EE event will receive new $19 EE signage. Otherwise, you will not receive new signage. Please refer to your signage plan-o-guide for placement. |

> **What is Simplified Pricing?**
> - **The implementation of ONE pricing strategy across the entire Visionworks retail network!**

*Taken from* N.D. Ohio Case. No. 1:15-cv-02306, Doc. 40-6.

> - First promotions start on June 30
>   - Unlimited BOGO
>   - Unadvertised single pair offer: 40% off Complete Pair

*Taken from* N.D. Ohio Case. No. 1:15-cv-02306, Doc. 40-9.

*Taken from* N.D. Ohio Case. No. 1:15-cv-02306, Doc. 40-10.

*Taken from* N.D. Ohio Case. No. 1:15-cv-02306, Doc. 40-11.

19. Visionworks' marketing team describes the *free*-related offers of "BOGO and 40% off as our day-in-and-day-out offers ... promos we use every day ... all year long."

> From: <White-Keating>, Emily <EWhite-Keating@visionworks.com>
> Date: Friday, November 14, 2014 at 11:50 AM
> To: Jennifer Munoz <jmunoz@moroch.com>
> Cc: Sheila Lemon <SLemon@moroch.com>, Nancy Terrell <NTerrell@Moroch.com>, Brooke Boston <BBoston@Moroch.com>, Ashlie Felts <AFelts@Moroch.com>
> Subject: RE: Visionworks Press Releases for Your Review
>
> Hi Jen,
>
> Sorry I'm late on these, I'm trying to catch up. NO WORRIES. I KNOW YOU'RE BUSY. :)
>
> I'm not comfortable at all with the BOGO release. I think it is too self-serving and since it is a promo we use every day, I would prefer to not use. I would rather wait until we figure out a way to give an eye exam or something next summer and really do some good rather than just make our day in and day out promo sound like an act of kindness. UNDERSTOOD.

*Taken from* N.D. Ohio Case. No. 1:15-cv-02306, Doc. 40-12.

6



*Taken from* N.D. Ohio Case. No. 1:15-cv-02306, Doc. 40-3.

20. As the marketing calendar above demonstrates, Visionworks used the word *free* as part of its buy-one-get-one-free offer ("BOGO") 48 weeks in 2014. The company continued the high duration and frequency of BOGO offers in 2015, and continues the high duration and frequency through today.

21. Visionworks's buy-one-get-one-free offer had two components: (1) an ***advertised*** two-pair offer in which the consumer pays the price for a single pair of eyeglasses and is supposed to receive a second pair of eyeglasses for free; and (2) an ***unadvertised*** alternative in which the consumer pays 40% less than the listed price for a single pair of eyeglasses and only receives one pair of eyeglasses. That is, "if a customer comes in on the BOGO" but does not

7

want to pay the BOGO price, "they're going to get moved into an offer that's a single pair offer," namely, the 40% 'discount.'

22. The unadvertised single-pair alternative price is evidence that the *true* regular price of a single pair of glasses, uninflated by the constant use of the word *free*, is actually 40% less than the price offered in the buy-one-get-one-free offer. That is, since the word *free* is used continuously and repeatedly, over time the price of a single pair of glasses inflates to cover both the first pair and the second, supposedly 'free' pair.

23. Thus, consumers who consummate the two-pair BOGO transaction do not receive anything for free and *pay more than the regular price* for a single pair of eyeglasses.

24. Visionworks was engaged in litigation in the Northern District of Ohio and the Northern District of Illinois since 2013. (The cases settled on behalf of state-wide classes last year.) Yet Visionworks has persisted to continuously and repeatedly use the word *free* in violation of the FTC prohibitions.

## CLASS ALLEGATIONS

25. This action is brought on behalf of the following Class: ***All consumers who purchased eyeglasses from Visionworks in Florida pursuant to a "Buy One, Get One Free" offer during the four-year period preceding the commencement of this action.*** Excluded from this Class are the following: (A) consumers who used an insurance benefit; (B) consumers who participated in a Visionworks promotion to buy eyeglasses for a flat advertised price (*e.g.,* a complete pair of frames and lenses for $69.95); and (C) the defendant, all counsel, the Court and its staff, and the immediate family members of the same.

26. The Class is so numerous that the joinder of all members is impracticable: Visionworks is one of the largest retailers of eyeglasses in Florida and has engaged in tens of thousands of qualifying consumer transactions during the class period.

27. There are questions of law and fact common to the Class; among others, whether Visionworks continuously or repeatedly used the word *free*; and whether Visionworks's use of the word *free* violated Florida law.

28.     Ms. Mora will fairly and adequately protect the interests of the Class.  She has retained experienced counsel and is committed to pursuing the interests of the Class over her own individual interests.

29.     A class action is appropriated under Fed. R. Civ. P. 23(b)(3) because the common questions predominate over any individual questions, and a class action is superior to other methods for fairly and efficiently adjudicating the controversy.  That is, whether Visionworks's continuous and repeated use of the word *free* violates Florida law is the central issue in this case, and resolution of that issue in favor of (or against) any one class members would necessarily result in the same resolution for any and all other class members: to litigate for one is to litigate for all.  And given the costs and resources needed to prosecute this litigation, to allow one to litigate for all is the most efficient use of the class's resources.

## COUNT I

**VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

30.     Plaintiff re-alleges and incorporates paragraphs 1 through 29 as if expressly set forth herein.

31.     This claim for relief is brought under the FDUTPA Section 501.201 et seq.  on behalf of Ms. Mora and the Class.  It incorporates each allegation in this Complaint.

32.     The Florida Legislature passed FDUTPA to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of ay trade or commerce, and to make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection.

33.     Ms. Mora and each class members were "consumers" within the meaning of Fla. Stat. § 501.203(7), and they utilized the eyeglasses purchased from Visionworks for personal and family purchases, and not for resale in the ordinary course of their trade or business.

34.     Visionworks was and is engaged in trade or commerce within the meaning of Fla. Stat. § 501.203(8).

35. Pursuant to Fla. Stat. § 501.204(2), in construing whether actions of a defendant are unfair and deceptive, unconscionable or otherwise unlawful, "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts related to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2017."

36. Visionworks violated FDUTPA by (A) continuously, for more than 6-of-12 months each year of the class period, using the word *free* in its offers; (B) repeatedly, several times throughout the year and without a 30-day break between offers, using the word *free* in its offers; and (C) passing on to consumers the price of the purportedly "free" eyeglasses by raising the ordinary and usual price of the first pair of eyeglasses. These practices have been declared unfair and deceptive by the FTC.

37. Visionworks knew at the time of each class-member transaction that the price offered as the usual and ordinary base-pair price was substantially in excess of the true usual and ordinary price.

38. Visionworks's conduct was an unfair and deceptive business practice in violation of FDUTPA.

39. Visionworks knowingly committed the unfair and deceptive businesses practices at issue in this Complaint.

40. Ms. Mora and the class members are entitled to the remedies and relief provided by the Act, including (but not limited to) injunctive, declaratory, and equitable relief, actual damages, and attorney's fees and litigation costs.

## COUNT II

## UNJUST ENRICHMENT

41. Plaintiff realleges and incorporates paragraphs 1 through 40 as if expressly set forth herein.

42. Visionworks unlawfully conducted its BOGO sales program with the express intent of misrepresenting the true cost of a set of eyeglasses in order to entice consumers to

purchase a second pair and recoup additional profit. Visionworks accomplished this goal by inflating the price of the first pair of glasses by approximately 40%.

43. Visionworks benefitted from its unlawful BOGO scheme to the detriment of Plaintiff and the class, and it would be inequitable for Visionworks to retain these illegally obtained benefits.

44. Plaintiff and the class have been harmed as a result of Visionworks' unjust enrichment and demand that Visionworks disgorge all moneys paid through its unlawful BOGO scheme.

### PRAYER FOR RELIEF

Therefore, Plaintiff Mora seeks judgment against Defendant Visionworks as follows:

A. An order certifying this action as a class action under Fed. R. Civ. P. 23(b)(3);

B. An order appointing Ms. Mora as the class representative;

C. An order appointing Ms. Mora's counsel as class counsel;

D. Actual damages;

E. Punitive damages or other penalties as allowed by law;

F. Attorney's fees under the Act or as otherwise allowed by law;

G. Costs of suit;

H. Pre- and post-judgment interest;

I. Declaratory, equitable, and injunctive relief, as may be appropriate;

J. Such other relief as this Court finds just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted this 8th day of February, 2018.

**VARNELL & WARWICK, P.A.**

s/ Brian W. Warwick
Brian W. Warwick (0605573)
Janet R. Varnell (0071072)

P.O. Box 1870
Lady Lake, Florida 32158
T. (352) 753-8600
F. (352) 504-3301
E. bwarwick@varnellandwarwick.com
   jvarnell@varnellandwarwick.com

Drew Legando (OH 0084209)
Jack Landskroner (OH 0059227)
Tom Merriman (OH 0040906)
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@lgmlegal.com
   jack@lgmlegal.com
   tom@lgmlegal.com

Mark Schlachet (OH 0009881)
3515 Severn Road
Cleveland, Ohio 44118
T. (216) 522-7559
F. (216) 514-6406
E. mschlachet@gmail.com

*Counsel for Plaintiff*