UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER MORA, on behalf of herself
and a proposed class of all similarly-situated persons,

    Plaintiff,

v.                                                             CASE NO: 8:18-cv-335-T-26JSS

VISIONWORKS OF AMERICA, INC.,

    Defendant.
_____/

## **O R D E R**

Defendant Visionworks of America, Inc., has filed a motion to dismiss Plaintiff's complaint, thereby prompting this Court to examine its allegations. In the Court's view, the Plaintiff's complaint is the quintessential shotgun pleading that has been condemned on numerous occasions by the Eleventh Circuit Court of Appeals. See Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases), abrogated on other grounds by Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and Bell Atl. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).[1] Similar to Strategic Income Fund, L.L.C. v. Spear, Leeds &

---

[1] The Davis Court, speaking through Judge Tjoflat, also engaged in a thorough and extensive discussion of the havoc that such pleadings wreak on the judicial system, litigants, and the public at large. 516 F.3d at 979-84; see also Weiland v. Palm Bch. Cnty. Sheriff's Office, 792 F.3d 1313, 1321-22 (11th Cir. 2015) (recounting the Eleventh Circuit's history dealing with shotgun pleadings on appeal and grouping such pleadings

Kellogg Corporation, 305 F.3d 1293, 1295 (11th Cir. 2002), the complaint contains two counts, with the second count incorporating by reference the allegations of the first count leading to a situation where the second count contains irrelevant factual allegations and legal conclusions. Under these circumstances, the Court has the inherent authority, even if not requested by opposing counsel, to demand a repleader *sua sponte*. See Lumley v. City of Dade City, Fla., 327 F.3d 1186, 1192 n.13 (11th Cir. 2003) (suggesting that when faced with a shotgun pleading a district court, acting on its own initiative, should require a repleader); Magluta v. Samples, 256 F.3d 1282, 1284 n.3 (11th Cir. 2001) (noting that district courts confronted by shotgun complaints have the inherent authority to demand repleader *sua sponte*).

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

1) Plaintiff shall replead the complaint within fifteen (15) days of this order.

2) Defendant shall file its response within fifteen (15) days of service.

3) The Motion to Dismiss (Dkt. 24) is denied as moot.

**DONE AND ORDERED** at Tampa, Florida, on March 29, 2018.

                                 s/*Richard A. Lazzara*
                                 **RICHARD A. LAZZARA**
                                 **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

into four categories).