UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER MORA, on behalf of herself and a
proposed class of all similarly-situated persons,

    Plaintiff,

v.                                                              CASE NO. 8:18-cv-335-T-26JSS

VISIONWORKS OF AMERICA, INC.,

    Defendant.
_____/

# **O R D E R**

**PENDING BEFORE THE COURT** for resolution is Defendant's Motion to Dismiss Amended Complaint and Supporting Memorandum of Law (Dkt. 27) to which Plaintiff has filed her Opposition to Defendant's Motion to Dismiss (Dkt. 30). After careful review of the parties' submissions, the Court concludes the motion is due to be denied.

Plaintiff has filed a two-count amended class action complaint accusing Defendant of violating Florida's Deceptive and Unfair Trade Practices Act, section 501.201, *et seq.*, of the Florida Statutes (the FDUTPA) (count one) and of unjust enrichment (count two).[1] Plaintiff challenges, as deceptive and unfair, Defendant's repeated and continuous use of

---

[1] In an order entered March 29, 2018, at docket 25, the Court directed Plaintiff to replead her complaint because the initial complaint was a "quintessential shotgun pleading[.]"

its "Buy One Get One Free" program with regard to the purchase of eyeglasses at Defendant's retail stores. Plaintiff seeks to represent all Florida consumers who purchased eyeglasses from Defendant pursuant to this program.

After carefully considering the well-pleaded factual allegations of Plaintiff's amended complaint, which this Court must accept as true at this early juncture of the proceedings, and construing those allegations and the reasonable inferences from those allegations in the light most favorable to Plaintiff,[2] Defendant's Motion to Dismiss Amended Complaint (Dkt. 27) is **denied.** After drawing upon this Court's judicial experience and common sense,[3] the Court is convinced that Plaintiff's extremely detailed factual allegations in paragraphs eleven through twenty-five (as supplemented by the other allegations) are more than sufficient to survive Defendant's motion to dismiss in that those allegations state claims for relief that are plausible on their face against Defendant.[4] Furthermore, the Court is more than satisfied that those factual allegations are more than sufficient to allow the Court to draw the reasonable inference that Defendant is liable for the misconduct alleged in both counts of the amended complaint.

In the Court's view, Plaintiff has more than adequately alleged actual damages, has more than satisfied the pleading requirements imposed by Rule 9(b) of the Federal Rules

---

[2] See Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1270 (11th Cir. 2016).

[3] See Resnick v. AvMed, Inc., 693 F.3d 1317, 1324 (11th Cir. 2012).

[4] Bishop, 817 F.3d at 1270.

of Civil Procedure, if in fact that rule applies, and has sufficiently cured the "shotgun" nature of her original complaint.  Additionally, the Court rejects Defendant's contention that Plaintiff is precluded from bringing a cause of action grounded in unjust enrichment because she has an adequate remedy at law under the FDUTPA.  What Defendant overlooks is the pleading standard of Rule 8(d)(3) of the Federal Rules of Civil Procedure which explicitly provides that "[a] party may state as many claims or defenses as it has, regardless of consistency."  Any concerns about Plaintiff's ability to sustain her claims successfully against Defendant are more appropriately raised within the context of a motion for summary judgment after the completion of full discovery.

**ACCORDINGLY**, Defendant is directed to file its answer and defenses to Plaintiff's amended complaint within fourteen (14) days of this order.

**DONE AND ORDERED** at Tampa, Florida, on May 2, 2018.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record